**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shiri S. Tannehill, | No. CV-14-00436-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Southwest Airlines, | |
| Defendant. | |

Defendant Southwest Airlines has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Doc. 7. The motion is fully briefed. The Court will grant the motion.[1]

**I.    Background.**

Plaintiff Shiri Tannehill is a former employee of Defendant. Plaintiff worked for Defendant as a flight attendant from 1989 to 2013. Doc. 7 at 3. Plaintiff is an African-American female. Doc. 1, ¶ 4. Plaintiff alleges that she was involved in a physical altercation with a fellow employee who had been harassing her. *Id.*, ¶¶ 9-10. Plaintiff was apparently terminated following this altercation, while the other employee was not. *Id.*, ¶ 11; Doc. 7 at 3. Plaintiff filed a charge of discrimination with the Arizona Attorney General's Office on November 14, 2013, alleging discrimination on the basis of age and

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  disability. Doc. 7-1 at 4. She also filed a charge of discrimination with the Equal
2  Employment Opportunity Commission ("EEOC") on November 19, 2013, making the
3  same allegations. *Id.* at 3. Plaintiff filed this action on March 5, 2014, asserting claims
4  for discrimination in violation of Title VII, racial discrimination, and age discrimination.
5  *See* Doc. 1.

**II.    Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Analysis.**

Defendant first argues that "Plaintiff failed to file *any* charge alleging a violation of Title VII and, thus, failed to exhaust her administrative remedies." Doc. 7 at 5. Plaintiff "was required to exhaust [her] administrative remedies by either 'filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge.'" *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (quoting *B.K B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002)). Where a plaintiff seeks "judicial relief for claims not listed in the

- 2 -

1 original EEOC charge," her complaint "may encompass any discrimination like or reasonably related to the allegations of the EEOC charge." *Freeman*, 291 F.3d at 636 (internal quotation marks and citation omitted).  Generally, allegations of discrimination not included in a plaintiff's EEOC charge may not be considered by a federal court, but "subject matter jurisdiction extends over all allegations of discrimination that either 'fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'"  *Id.* (quoting *B.K.B.*, 276 F.3d at 1100) (emphasis in original).  Courts construe EEOC charges with the "utmost liberality" because "they are made by those unschooled in the technicalities of formal pleading[.]"  *Freeman*, 291 F.3d at 636 (quoting *B.K.B.*, 276 F.3d at 1100).

Defendant argues that neither of Plaintiff's charges alleges any claim for discrimination based on race, national origin, or retaliation.  Doc. 7 at 5-6.  Defendant is correct.  Plaintiff's charges allege discrimination on the basis of age and disability.  *See* Doc. 7-1 at 3-4.  The boxes for retaliation, race, and national origin are not checked on either charge and the facts alleged on Plaintiff's Arizona charge state that Plaintiff believed "she [had] been discriminated against because of my age" and "because of my medical condition."  *Id.*  There are no facts related to retaliation or discrimination on the basis of race or national origin.

Plaintiff appears to argue that the EEOC overlooked her statement and emails when she made her charge, but she does not provide any of the emails or statements she alleges were overlooked.  Doc. 10 at 1.  Plaintiff also appears to acknowledge that discrimination under Title VII does not appear in either charge because she states that she would like for Title VII charges to be included "in to the charges against defendant Southwest Airlines at this time (sic)."  *Id.*

Even construing Plaintiff's claims with the utmost liberality, it is clear that discrimination on the basis of race or national origin, and retaliation, were not included in either of Plaintiff's charges.  Nor can the Court conclude that such claims would be reasonably expected to grow out of Plaintiff's allegations of discrimination based on age

- 3 -

and disability. Accordingly, the Court will grant Defendant's motion to dismiss these claims.

The Court will also grant Defendant's motion to dismiss as to any age discrimination claim. Plaintiff's complaint states at the outset that it is based on "racial and age discrimination," but Plaintiff pleads no facts to support any claim that she was discriminated against on the basis of age. *See* Doc. 1. Simply stating that she was subject to age discrimination, without more, is insufficient to state a claim. *See Twombly*, 550 U.S. at 570.

Plaintiff's response also argues that Defendant "lacked the just cause necessary pursuant to article 19.S.1(I) of the collective bargaining agreement." Doc. 10 at 1. Plaintiff makes no such allegations in her complaint, and this argument does not prevent the dismissal of her complaint.

Defendant asks the Court to dismiss Plaintiff's complaint with prejudice. Doc. 11 at 7. In this circuit, however, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **September 26, 2014** to file an amended complaint.

Plaintiff is advised that any amended complaint is subject to the requirements discussed above, namely that Plaintiff must exhaust her administrative remedies with respect to her claims under Title VII. Accordingly, if Plaintiff wishes to amend her Title VII claims, she must produce evidence demonstrating that she exhausted her administrative remedies as to those claims.

Plaintiff is further advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the

Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 556 U.S. at 677. If Plaintiff chooses to file an amended complaint asserting constitutional violations by federal or state officials, her pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. Such factual allegations must provide enough information to "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 7) is **granted**
2. Plaintiff shall have until **September 26, 2014** to file an amended complaint.
3. The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file an amended complaint by September 26, 2014.

Dated this 5th day of September, 2014.

_____
David G. Campbell
United States District Judge